FILED
2011 Aug-12  PM 12:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## ALABAMA SJIS CASE DETAIL



**DODSON**

**PREPARED FOR: Courtney Williams**

County: **01**    Case Number: **CV-2011-902295.00**    Court Action:

Style: **BARBARA JACOBS V. CALVARY PORTFOLIO SERVICES, LLC ET AL**

REAL TIME

### Case Action Summary - CV201190229500

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 06/25/2011 | 7:04:18 | EFILE | COMPLAINT E-FILED. | PHI053 |
| 06/25/2011 | 7:04:58 | FILE | FILED THIS DATE: 06/25/2011        (AV01) | AJA |
| 06/25/2011 | 7:04:59 | EORD | E-ORDER FLAG SET TO "N"        (AV01) | AJA |
| 06/25/2011 | 7:05:00 | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 06/25/2011 | 7:05:01 | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
| 06/25/2011 | 7:05:02 | ASSJ | ASSIGNED TO JUDGE: ELISABETH A FRENCH        (AV01) | AJA |
| 06/25/2011 | 7:05:03 | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 06/25/2011 | 7:05:04 | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 06/25/2011 | 7:05:05 | C001 | C001 PARTY ADDED: JACOBS BARBARA        (AV01) | AJA |
| 06/25/2011 | 7:05:06 | ATTY | LISTED AS ATTORNEY FOR C001: PHILLIPS WESLEY LEVO | AJA |
| 06/25/2011 | 7:05:07 | EORD | C001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/25/2011 | 7:05:10 | D001 | D001 PARTY ADDED: CALVARY PORTFOLIO SERVICES, LLC | AJA |
| 06/25/2011 | 7:05:11 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 06/25/2011 | 7:05:12 | SUMM | CERTIFIED MAI ISSUED: 06/25/2011 TO D001        (AV02) | AJA |
| 06/25/2011 | 7:05:13 | EORD | D001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/25/2011 | 7:05:16 | D002 | D002 PARTY ADDED: EQUIFAX INFORMATION SERVICES, LL | AJA |
| 06/25/2011 | 7:05:17 | SUMM | CERTIFIED MAI ISSUED: 06/25/2011 TO D002        (AV02) | AJA |
| 06/25/2011 | 7:05:18 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE        (AV02) | AJA |
| 06/25/2011 | 7:05:19 | EORD | D002 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/25/2011 | 7:05:22 | D003 | D003 PARTY ADDED: TRANS UNION LLC        (AV02) | AJA |
| 06/25/2011 | 7:05:23 | ATTY | LISTED AS ATTORNEY FOR D003: PRO SE        (AV02) | AJA |
| 06/25/2011 | 7:05:24 | SUMM | CERTIFIED MAI ISSUED: 06/25/2011 TO D003        (AV02) | AJA |
| 06/25/2011 | 7:05:25 | EORD | D003 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/25/2011 | 7:05:54 | EFILE | COMPLAINT - SUMMONS | |
| 06/27/2011 | 2:55:38 | SUMM | CERTIFIED MAI ISSUED: 06/27/2011 TO D002        (AV02) | ZEC |
| 06/27/2011 | 2:55:54 | SUMM | CERTIFIED MAI ISSUED: 06/27/2011 TO D001        (AV02) | ZEC |
| 06/27/2011 | 2:56:06 | SUMM | CERTIFIED MAI ISSUED: 06/27/2011 TO D003        (AV02) | ZEC |
| 06/30/2011 | 5:07:29 | EAMEN | AMENDED COMPLAINT E-FILED. | PHI053 |
| 06/30/2011 | 5:08:27 | D004 | D004 PARTY ADDED: EXPERIAN INFORMATION SOLUTIONS, | AJA |
| 06/30/2011 | 5:08:28 | EORD | D004 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 06/30/2011 | 5:08:29 | SUMM | CERTIFIED MAI ISSUED: 06/30/2011 TO D004        (AV02) | AJA |
| 06/30/2011 | 5:08:30 | EAMEN | COMPLAINT - TRANSMITTAL | |
| 06/30/2011 | 5:08:31 | EAMEN | COMPLAINT - SUMMONS | |
| 07/06/2011 | 4:37:22 | SERC | SERVICE OF CERTIFIED MAI ON 06/28/2011 FOR D003 | ALW |
| 07/07/2011 | 8:34:43 | SERC | SERVICE OF CERTIFIED MAI ON 06/28/2011 FOR D002 | ALW |
| 07/08/2011 | 8:24:53 | CONT | AMEND S&C BY CM#3609 FOR D004 | DEW |
| 07/08/2011 | 3:26:18 | SERC | SERVICE OF CERTIFIED MAI ON 06/28/2011 FOR D001 | ALW |
| 07/20/2011 | 11:56:23 | SERC | SERVICE OF CERTIFIED MAI ON 07/12/2011 FOR D004 | ALW |
| 07/29/2011 | 4:24:41 | EMOT | C001-PLTFF'S MOTN TO DIS. FILED. | PHI053 |
| 07/29/2011 | 4:26:29 | EMOT | MOTION - TRANSMITTAL | PHI053 |
| 07/29/2011 | 7:02:00 | NANS | NO ANSWER NOTICE ISSUED TO: D001        (V803) | LOH |
| 07/29/2011 | 7:02:01 | NANS | NO ANSWER NOTICE ISSUED TO: D002        (V803) | LOH |



DEFENDANT'S EXHIBIT
B

| 07/29/2011 | 7:02:02 | NANS | NO ANSWER NOTICE ISSUED TO: D003          (V803) | LOH |
| 08/01/2011 | 8:15:52 | EMOT | C001-PLTFF'S MOTN TO DIS. /DOCKETED | ZEC |
| 08/01/2011 | 10:00:35 | JEORDE | ORDER GENERATED FOR PLTFF'S MOTN TO DIS. - RENDERED & ENTERED: 8/1/2011 10:00:35 AM - ORDER | JA |
| 08/01/2011 | 10:01:07 | JEORDE | ORDER - TRANSMITTAL | |
| 08/03/2011 | 8:41:09 | EORD | D001 E-ORDER FLAG SET TO "Y"          (AV02) | DES |
| 08/03/2011 | 8:41:10 | PDIS | D001 DISPOSED BY (DISM W/PREDJ) ON 08/01/2011 | DES |
| 08/09/2011 | 5:28:00 | EMOT | C001-PLTFF'S MOTN TO DIS. FILED. | PHI053 |
| 08/09/2011 | 5:28:17 | EMOT | MOTION - TRANSMITTAL | PHI053 |
| 08/10/2011 | 9:57:44 | EMOT | C001-PLTFF'S MOTN TO DIS. /DOCKETED | EDH |
| 08/10/2011 | 10:19:30 | JEORDE | ORDER GENERATED FOR PLTFF'S MOTN TO DIS. - RENDERED & ENTERED: 8/10/2011 10:19:30 AM - ORDER | JA |
| 08/10/2011 | 10:20:26 | JEORDE | ORDER - TRANSMITTAL | |
| 08/10/2011 | 1:26:06 | PDIS | D003 DISPOSED BY (DISM W/PREDJ) ON 08/10/2011 | DES |
| 08/10/2011 | 1:26:07 | EORD | D003 E-ORDER FLAG SET TO "Y"          (AV02) | DES |

 **END OF THE REPORT**



| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**01-CV-201**<br>Date of Filing:<br>06/25/2011 | ELECTRONICALLY FILED<br>6/25/2011 7:04 PM<br>CV-2011-902295.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### BARBARA JACOBS v. CALVARY PORTFOLIO SERVICES, LLC ET AL

**First Plaintiff:** ☐ Business ☑ Individual    **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other          ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM<br>                                                 DISTRICT COURT          O ☐ OTHER

          R ☐ REMANDED            T ☐ TRANSFERRED FROM<br>                                                   OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**    ☑ Yes   ☐ No

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**    PHI053      6/25/2011 6:44:14 PM      /s/ WESLEY L PHILLIPS

**MEDIATION REQUESTED:**    ☐ Yes   ☑ No   ☐ Undecided



ELECTRONICALLY FILED
6/25/2011 7:04 PM
CV-2011-902295.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| BARBARA JACOBS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC; | ) | |
| TRANS UNION LLC; and | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC; | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and states his

Complaint against the Defendants as follows:

### PARTIES

1.     Plaintiff Barbara Jacobs is a resident of Jefferson County, over 19 years of age,

and is competent to bring this action.

2.     Defendant Cavalry Portfolio Services, LLC (hereinafter "Calvary") is registered in

Delaware with its principal place of business located in Phoenix, Arizona and was doing business

in Jefferson County, Alabama at all times material to this Complaint. Calvary acted as a debt

collector and debt buyer throughout the United States including Jefferson County, Alabama at all

times material to this Complaint.

3.     Defendant Trans Union LLC (hereinafter "TU") is registered in Delaware with its

principal place of business located in Chicago, Illinois and was doing business in Jefferson County,

Alabama at all times material to this Complaint.  TU acted as a credit reporting agency as defined by the Fair Credit Reporting Act 15 U.S.C. 1681, et seq. at all times material to this Complaint.

4.      Defendant Equifax Information Services, LLC (hereinafter "Equifax") is registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing business in Jefferson County, Alabama at all times material to this Complaint.  Equifax acted as a credit reporting agency as defined by the Fair Credit Reporting Act 15 U.S.C. 1681, et seq. at all times material to this Complaint.

5.      Jurisdiction is proper in the Circuit Court of Jefferson County, Alabama.  Plaintiff is a resident of Jefferson County, and all of, or substantially all of, the wrongs complained of occurred in Jefferson County. The matter in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount required by the Circuit Court of Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

6.      In January, 2011, Defendant Calvary sued Plaintiff in the Small Claims Court of Jefferson County, Alabama, with a case number of SM-11-0028.  In this suit, Defendant Calvary asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted the amount owed was $2515.99.

7.      Plaintiff answered the Complaint with a denial of Calvary's claims, and the trial of lawsuit numbered SM-11-0028 occurred on or about July 26, 2010.

8.      On or about May 9, 2011, The Honorable Robert P. Bynon, District Judge for Jefferson County, entered an Order finding for Plaintiff and against Calvary in case number SM-11-0028; and The verdict entered in favor of Plaintiff and against Defendant Calvary by the Court was a final adjudication on the merits.

9.      Defendant Calvary did not appeal within the time allowed, thus, making the

judgment a final judgment from which an appeal no longer lies.

10.    Defendant Calvary is not the owner of this alleged debt.

11.    Defendant Calvary reported to the credit reporting agencies that Plaintiff owed this money and was in default.

12.    Plaintiff did not owe this money to Defendant Calvary.

13.    The debt being collected is a "consumer debt" as defined by the FDCPA.

14.    Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

15.    Defendant Calvary is a "debt collector" as defined by the FDCPA.

16.    After the dismissal with prejudice by the Small Claims Division of the Jefferson County District Court, Plaintiff sent a letter to Defendants Equifax and TU requesting an investigation and/or reinvestigation of the account that still appeared on Plaintiff's credit reports with regard to Calvary.

17.    Plaintiff requested the account be deleted, as Plaintiff did not owe said account.

18.    Plaintiff requested  Defendants TU and Equifax to contact the Defendant Calvary's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from her credit reports.

19.    No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

20.    In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

21.    Defendants TU and Equifax notified Defendant Calvary in accordance with the FCRA of the dispute by the Plaintiff.

22.    Alternatively, Defendants TU and Equifax did not properly notify Defendant

Calvary and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Calvary. This includes notification that Plaintiff won the lawsuit in the District Court.

23.     All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

24.     On June 1, 2011, Defendant Equifax issued the result of its reinvestigation in Confirmation report number 1138034729 verifying the Calvary account and refusing to make accurate and delete said account although Plaintiff provided Defendant Equifax the proper information to show said account was not properly placed in or on her credit report, record, and/or file.  The report Defendant Equifax issued to Plaintiff shows the Calvary account having a balance owed of $2512, which was and is inaccurate; in addition, the failure to properly and/or reasonably investigate and re-investigate by Defendants Equifax and/or Calvary following the entering of judgment against Defendant Calvary in the District Court case it brought against Plaintiff shows these Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

25.     On May 27, 2011, Defendant TU issued the result of its investigation in Confirmation report file number 238275879 verifying the Defendant Calvary account, stating a balance due of $2510, stating a past due balance of $2510, stating the inaccurate information will remain on Plaintiff's credit file until March, 2016, and refusing to make accurate and delete said account although Plaintiff provided Defendant TU the proper information to show said account was not properly placed in or on her credit report, record, and/or file.  The report Defendant TU issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants TU and/or Calvary following the entering of judgment against Defendant Calvary in the District

Court case it brought against Plaintiff shows that Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

26.     All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Calvary through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

27.     Defendants Equifax and TU have proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

28.     For example, had Plaintiff not answered the Small Claims suit and a default judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Equifax and TU would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

29.     Defendants Equifax and TU, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff prevailed at trial on the merits.

30.     The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant Calvary; and the District Court's ruling was a final judgment.

31.     The dismissal with prejudice was not appealed to the Jefferson County Circuit Court, and there is no avenue for appeal for Defendant Calvary of this judgment as the time to appeal has long since passed.

32.     Despite this knowledge, Defendants Equifax and TU have each completely abdicated its obligations under federal and state law and has instead chosen to merely "parrot" whatever the customer, Defendant Calvary, has told it to say.

33.     Defendants Equifax and TU have a policy to favor the paying customer, in this

situation Defendant Calvary, rather than what the consumer or even a court says about a debt.

34.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

35.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

36.     Defendant Calvary has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Calvary knows no balance is owed.

37.     Defendant Calvary promises through its subscriber agreements or contracts to accurately update accounts but Defendant Calvary has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

38.     Defendant Calvary had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

39.     Defendant Calvary has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants'

intentional and malicious conduct.  In this matter, Defendants Calvary, Equifax, and TUs' failure to remove Plaintiff's account was precisely "parking" of an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

40.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

41.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

42.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

43.     At all relevant times Defendants Equifax and TU failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

44.     Defendant Calvary failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law, the FDCPA, and the FCRA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with

the consumer reporting agencies.

45.    Defendant Calvary has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as TU, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

46.    Defendants Equifax and TU have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

47.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

48.    It is a practice of Defendant Calvary to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

49.    It is a practice of Defendants Equifax and TU to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

50.    All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

51.    All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their

actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

52.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

53.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

54.     Defendant Calvary violated the FDCPA in numerous ways, including, but not  limited to the following:

a.     Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money in violation of 15 U.S.C. §§1692d, e, e(2), e(10), f, f(1);

b.     Suing the Plaintiff when there was no basis to do so in violation of 15 U.S.C. §§1692d, d(3), e, e(2), e(8), f, and f(1);

c.     Continuing to assert the suit in state court when Defendant Calvary knew, or should have known, there was no basis for doing so in violation of 15 U.S.C. §§1692d, d(3), e, e(2), e(8), e(10), f, and f(1); and

d.     Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Calvary is not entitled to collect upon so in violation of 15 U.S.C. §§1692d, d(3), e, e(2), e(8), e(10), f, and f(1).

55.     The violations of the FDCPA by the Defendant Calvary are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant Calvary's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses,  attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Calvary for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorneys' fees, interest from the date of injury, and the costs and expenses of this proceeding.


## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

56.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

57.     Defendants Equifax and TU is each a "consumer reporting agency," as codified at 15 U.S.C. §1681a(f).

58.     Defendant Calvary is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

59.     Plaintiff notified Defendants Equifax and TU directly of a dispute on the

Defendant Calvary's account's completeness and/or accuracy, as reported.

60.    The credit reporting agencies, Defendants Equifax and TU, failed to delete inaccurate information, reinserted the information without following the FCRA, failed to properly investigate and/or reinvestigate Plaintiff's disputes, and failed to provide Plaintiff a proper report of the results of its investigation and/or reinvestigation.

61.    Plaintiff alleges that at all relevant times Defendants Equifax and TU failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

62.    Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Calvary and/or other proper and reasonable measures.

63.    All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

64.    Defendants Equifax, TU and/or Calvarys' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical

sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax, TU, and/or Calvary, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorneys' fees, interest from the date of injury, and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

65.   All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66.   Defendant Calvary published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

67.   Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

68.   Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

69.   Plaintiff has been damaged as a proximate result of Defendant Calvary's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Calvary for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

### INVASION OF PRIVACY

70.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

71.     Defendant Calvary recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

72.     Plaintiff has been damaged as a proximate result of Defendant Calvary's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Calvary for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

73.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74.     Defendant Calvary has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

75.     Defendant Calvary has agreed to follow and understands it must follow the requirements of the FCRA.

76.     Defendant Calvary has a duty under Alabama law to act reasonably under the circumstances.

77.     Defendant Calvary has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

78.     Defendant Calvary violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

79.     Defendants Equifax and TU violated their respective duties to Plaintiff by failing and refusing to use reasonable care in maintaining Plaintiff's credit file and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendants refused to comply with all the duties each had or owed to Plaintiff.

80.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss

of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax, TU, and/or Calvary, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

**COUNT VI**

**NEGLIGENCE IN HIRING, SUPERVISING, AND/OR TRAINING**

81.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

82.     Defendants Equifax, TU and/or Calvary were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

83.     The employees and/or agents of these Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

84.     The negligent or wanton conduct of those employees and/or agents of all Defendants, including the fictitious party Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

85.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is

damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss

of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual

damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness,

physical and mental suffering, pain, and anguish.

      WHEREFORE, Plaintiff demands judgment against Defendants Equifax, TU, and/or Calvary,

jointly and severally, for compensatory and punitive damages in an amount to be determined by the

trier of fact, together with interest from the date of injury and the costs and expenses of this

proceeding.


                              s/Wesley L. Phillips
                              Wesley L. Phillips (PHI053)
                              Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

                              s/Wesley L. Phillips
                              OF COUNSEL


Plaintiff's Address:
301 14th Street SW
Birmingham, Alabama 35211

<u>**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS
FOLLOWS:**</u>

Calvary Portfolio Services, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Trans Union LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104



ELECTRONICALLY FILED
6/25/2011 7:04 PM
CV-2011-902295.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

|  |  |  |
|---|---|---|
| **BARBARA JACOBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **CAVALRY PORTFOLIO SERVICES, LLC;** | ) | |
| **TRANS UNION LLC; and** | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**  **Calvary Portfolio Services, LLC**
**c/o CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

_____
Clerk of Court

Dated: _____



ELECTRONICALLY FILED
6/25/2011 7:04 PM
CV-2011-902295.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **BARBARA JACOBS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | )   **Case No.:** _____ |
| | ) |
| **CAVALRY PORTFOLIO SERVICES, LLC;** | ) |
| **TRANS UNION LLC; and** | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES, LLC;** | ) |
| | ) |
| | ) |
|     **Defendants.** | ) |

### SUMMONS

    This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Equifax Information Services, LLC**
                     **c/o CSC Lawyers Incorporating Service, Inc.**
                     **150 S. Perry Street**
                     **Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT**.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

                                          _____
                                          Clerk of Court

Dated: _____

ELECTRONICALLY FILED
6/25/2011 7:04 PM
CV-2011-902295.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **BARBARA JACOBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **CAVALRY PORTFOLIO SERVICES, LLC;** | ) | |
| **TRANS UNION LLC; and** | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUMMONS

     This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Trans Union LLC**
                       **c/o Prentice-Hall Corporation System, Inc.**
                       **150 S. Perry Street**
                       **Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT**.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

_____
Clerk of Court

Dated: _____

ELECTRONICALLY FILED
6/25/2011 7:04 PM
CV-2011-902295.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **BARBARA JACOBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **CAVALRY PORTFOLIO SERVICES, LLC;** | ) | |
| **TRANS UNION LLC; and** | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC

COMES NOW Plaintiff Barbara Jacobs, by and through the undersigned counsel, and hereby requests that Defendant Cavalry Portfolio Services, LLC (hereinafter, collectively, "you," "your," and/or "this Defendant") answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the interrogatories or in Defendant's responses thereto or that this Defendant state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

**I.    INTERROGATORIES:**